■ THOMAS A. MACE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 30744.) — Claimant Bernadine E. Mace was a tenant in a housing project maintained by the State of New York, and on January 7, 1950 fell in front of the premises she occupied. She testified that when starting to cross the street in front of her apartment she stepped in a hole and fell. The Court of Claims has found that the hole was in a part of the premises "constructed, controlled and maintained" by the State; that it was located in a place which was "the only means of ingress and egress" to the apartment; that the hole was six to eight inches deep and a foot wide, ragged and uneven; and that a recent fall of snow had, on January 7, 1950, covered the outline of the hole. The court held, however, that the State was not negligent and that Mrs. Mace was herself negligent and dismissed the claim of Mrs. Mace and her husband. We feel bound by our prior decision in this case (2 A D 2d 629) to reverse the judgment. On a former trial at the close of claimants' proof the Court of Claims had dismissed the claim and granted judgment for the State on the ground that even if the State's negligence be conceded, as the court apparently inferentially did in an oral opinion, Mrs. Mace had herself been negligent in stepping in the hole. In reversing that judgment this court held unequivocally that the record "establishes a *prima facie* case". On the second trial, however, the entire record in the first trial was stipulated in and the State merely offered some general observations by a bread delivery salesman as to the condition of the street and some general photographs taken many months later. Nothing whatever was added to the record in respect of the specific hole or condition existing on the day of the accident and therefore on every element pertinent to the issue the record is exactly the same one on which this court held that a prima facie case was made out. The State was under no obligation on the second trial to stipulate the same record; it could have controverted the issue of negligence on the merits, in view of the ruling made here on the first record; but on the second appeal we are confronted by exactly the same record in every material respect as was here before. Indeed, the Judge who directed the present judgment did not personally hear the claimants' case or any evidence directly bearing on the issue. If we were right on the first appeal in ruling that a prima facie case was made out then, the ruling still must be followed. Almost 11 years have gone by since the accident in January, 1950, and we see no need to remit the case again. Judgment reversed on the law and the facts and judgment directed for claimant Bernadine E. Mace in the sum of $850 and Thomas A. Mace in the sum of $150, with costs. Settle order.